IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Paula Florence Glick, | ) | Civil Action No.: 6:12-cv-03294-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald.[1] Plaintiff Paula Florence Glick brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act"). In his R&R, the Magistrate Judge recommends affirming the decision of the Commissioner.

### FACTUAL FINDINGS AND PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits in July 2009, alleging that she became unable to work on July 31, 2009. The application was denied initially. On reconsideration, the Social Security Administration determined that she was disabled as of May 1, 2010. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ") on October 9, 2010.[2] That

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

[2] Although the issue is not squarely before the Court, the Court notes that Plaintiff opted to appeal the partially favorable decision by Disability Determination Services by requesting a hearing before the ALJ. A "partially favorable" determination includes determinations by the Social Security Administration "that [a claimant is] currently disabled, but . . . that [the] disability started sometime after the date [the claimant] said [she] became disabled." Social Security Administration, Social Security Handbook § 527, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html.

hearing was held on May 11, 2011, and Plaintiff appeared and testified. Witnesses at the hearing also included a vocational expert and one of Plaintiff's friends. The ALJ considered the case *de novo* and issued a decision dated August 8, 2011, finding that Plaintiff was not disabled through the date of the decision. The ALJ's overall findings were as follows:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since July 31, 2009, the alleged onset date (20 C.F.R. 404.1571 *et seq.*).
>
> . . .
>
> 3. The claimant has the following severe impairments: degenerative joint disease and degenerative disc disease of the lumbar and cervical spine, generalized osteoarthritis, fibromyalgia, polymyalgia, rheumatics, asthma, sleep apnea, obesity, depression/mood disorder, anxiety disorder, and somatoform pain disorder (20 C.F.R. 404.1520(c)).
>
> . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526).
>
> . . .
>
> 5. After careful consideration of the entire record, I find that the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) with certain additional limitations. Specifically, the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit, stand, and walk for about 6 hours each out of an 8-hour workday. The claimant can never use ladders, ropes, or scaffolds. The claimant is limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling. The

---

The Social Security Administration advises claimants "to carefully review the reason behind [the] determination before deciding whether [to] appeal," weighing the possibility of a finding of disability "as early as the date [the claimant says her] disability began" against the possibility that the claimant "could be found 'not disabled.' " *Id.* Indeed, a claimant is on notice that "by filing an appeal on a partially favorable determination, [she] must appeal the *entire* determination." *Id.* (emphasis added).

> claimant can frequently reach overhead. The claimant must avoid concentrated exposure to fumes and hazards. The claimant can perform detailed, but not complex work, meaning work with an SVP of 3 and 4. The claimant is limited to frequent face-to-face contact with the public.
>
> . . .
>
> 6. The claimant is capable of performing past relevant work as a receptionist. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565).
>
> . . .
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from July 31, 2009, through the date of this decision (20 C.F.R. 404.1520(f)).

Tr. 14–29.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review. On November 16, 2012, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 20, 22, 23, and the Magistrate Judge issued his Report and Recommendation ("R&R") on January 3, 2014, recommending that the Commissioner's decision be affirmed, R&R, ECF No. 25. Plaintiff filed timely objections to the R&R on January 20, 2014, Pl.'s Objs., ECF No. 26, and Defendant replied on February 3, 2014, Def.'s Reply, ECF No. 27.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than

preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### DETERMINATION OF DISABILITY

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or medically equal the listed impairments set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical

5

considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the claimant's (1) "residual functional capacity," *id.* § 404.1560; (2) age, *id.* § 404.1563; (3) education, *id.* § 404.1564; (4) work experience, *id.* § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* § 404.1560. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 404.1560. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or medically equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

## ANALYSIS

The Magistrate Judge recommends affirming the decision of the Commissioner. Specifically, the Magistrate Judge concludes (1) that the Commissioner's decision to give little weight to an opinion of Plaintiff's treating physician, Dr. Siddesh Gundi, was supported by substantial evidence and without legal error, and (2) that the Commissioner's assessment of Plaintiff's credibility was supported by substantial evidence and without legal error. Plaintiff objects to the Magistrate Judge's recommendations. First, she argues the Magistrate Judge improperly "brush[ed] aside the [Commissioner's] failure to consider [Plaintiff's] radiology reports" in determining the amount of weight to assign Dr. Gundi's opinions. Second, she contends

6

the Magistrate Judge improperly affirmed the assessment of Plaintiff's credibility despite the Commissioner's reliance on the positive Waddell's signs observed by Dr. Lary Korn during a state consultative exam.  The Court addresses Plaintiff's objections in turn.

### I.     Dr. Siddesh Gundi's Medical Opinions

Plaintiff contends that the ALJ's failure to consider several radiology reports in determining the weight to assign Dr. Gundi's opinions regarding Plaintiff's physical impairments was reversible error.  She claims that the reports support Dr. Gundi's opinions and were "merely recited" by the ALJ without a proper explanation regarding their relationship to the "little weight" ultimately assigned to Dr. Gundi's physical medical source opinions.  In response, the Commissioner argues that the reports were adequately discussed by the ALJ in his determination of the weights to give the opinions of each medical professional.  The Commissioner contends that, despite Plaintiff's argument that Dr. Gundi's opinions are "well-supported" by the reports, she fails to show how.  Finally, the Commissioner highlights the ALJ's observation that there was substantial evidence inconsistent with Dr. Gundi's opinions, maintaining that such an inconsistency is sufficient to find that a treating physician's opinion does not merit *controlling* weight.

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).  Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).  Under such circumstances, "the [Commissioner] holds the discretion to give less weight to the testimony

of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)).

If the Commissioner determines that a treating physician's opinion is not entitled to controlling weight, he must consider the following non-exclusive list of factors to determine the weight to be afforded the physician's opinion: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; (5) whether the physician is a specialist in the area in which he is rendering an opinion; and (6) other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c); *see also Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005). The Commissioner must give specific reasons, supported by the record, for the weight given to a treating physician's medical opinion. SSR 96-2p.

The Court finds the ALJ's decision to give Dr. Gundi's medical opinions contained in an April 2011 questionnaire "little weight" is supported by substantial evidence and without legal error. The ALJ found that Dr. Gundi's opinions in the questionnaire were inconsistent with Plaintiff's daily activities, "the examination of [Plaintiff] by other physicians," and Dr. Gundi's own treating records. Tr. 27–18. Plaintiff does not challenge the ALJ's finding that Dr. Gundi's opinions are inconsistent with the substantial evidence in the record, arguing only that they were well-supported by the radiology reports. The degree of support an item of evidence provides a medical opinion, however, is a factual issue that must be decided by the fact-finder—the ALJ, in this case. Indeed, the evidence highlighted by Plaintiff does not contradict the substantial evidence the ALJ found to be inconsistent with Dr. Gundi's medical source opinions, and Plaintiff does not argue the evidence does. Furthermore, the radiology reports highlighted by Plaintiff were cited by the ALJ in his summary of Plaintiff's medical records, indicating that they were considered by the ALJ

8

throughout his decision. *See* Tr. 15. Accordingly, the Court finds the Magistrate Judge's recommendation to be proper.

## II.  Plaintiff's Credibility Assessment

Plaintiff next contends that the ALJ's consideration of Plaintiff's positive Waddell's signs as a factor in assessing her credibility was legal error. Specifically, she argues that there is neither evidence in the record that she was a exaggerating her symptoms nor any medical evidence to suggest that the Waddell's signs were relevant to her credibility.

Under 20 C.F.R. §§ 404.1529(b), "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). The threshold requirement is that there be "a showing by objective [medical] evidence of the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by [Plaintiff]." *Id.* (internal quotation marks omitted). Once the ALJ concludes that this threshold requirement has been met, the ALJ must evaluate "the intensity and persistence of [Plaintiff's] pain, and the extent to which it affects her ability to work."[3] *Id.* at 595. "[T]his evaluation must take into account not only [Plaintiff's] statements about her pain, but also 'all the available evidence,' including [Plaintiff's] medical history, medical signs, and laboratory findings; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of [Plaintiff's] daily activities, specific descriptions of

---

[3] Specifically, the following factors relevant to one's pain and symptoms will be considered by the Commissioner: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate the pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment that the individual uses or has used to relieve pain or other symptoms (such as lying flat on one's back, standing for 15 to 20 minutes each hour, etc.); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3).

the pain, and any medical treatment taken to alleviate it." *Id.* (citations omitted). The ALJ may not disregard or discredit the Plaintiff's statements about pain "solely because they are not substantiated by objective medical evidence." SSR 96-7p; *see also Craig*, 76 F.3d at 595. The Fourth Circuit has held that once a plaintiff meets the "threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [Plaintiff is] entitled to rely exclusively on subjective evidence to prove the second part of the test, *i.e.*, that [the] pain is so continuous and/or severe that it prevents [Plaintiff] from working a full . . . day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).

> However,
>
>> [t]his is not say . . . that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers.

*Craig*, 76 F.3d at 595. Finally, the ALJ's "determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

The Court finds that the Magistrate Judge's recommendation is proper. The ALJ gave "great weight" to the medical assessment of Dr. Carl Anderson, a state agency consultant. Dr. Anderson specifically observed that her Waddell's signs "deflate[d Plaintiff's] credibility somewhat." Tr. 241. Accordingly, there was substantial evidence in the record to support the ALJ's

finding that Plaintiff's positive Waddell's signs were relevant to her credibility and an indication that her "[a]llegations [were] partially credible." *Id.* This evidence sufficiently distinguishes the case here from *Gibson v. Commissioner*, 725 F. Supp. 2d 1347 (M.D. Fla. 2010), which Plaintiff cites. There, the ALJ, without any other evidence in the record, "took out of context and in isolation the importance of the meaning of Plaintiff's 'positive Waddell test.' " *Id.* at 1353. Indeed, the test results in *Gibson* were explained and placed in context by the physician who performed the test. Here, however, Dr. Korn gave no explanation as to the meaning of the test results. The ALJ was thus entitled to rely on Dr. Anderson's interpretation in assessing Plaintiff's credibility, and he did so within the context of Plaintiff's daily activities. As such, Plaintiff's objection must be overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, and applicable law. For the reasons set forth above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts and incorporates by reference the R&R of the Magistrate Judge. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge

March 13, 2014
Florence, South Carolina